Nafton, judge,
delivered the opinion of the court.
This was an action of debt instituted by Linn county as plaintiff to recover the,amount of two notes executed by the defendants to John D. Grant commissioner of the county seat of said county. The declaration averred that these notes were made to said Grant for the use and benefit of the plaintiff. To this declaration there was a demurrer which the court sustained, and the only question is upon the propriety of this opinion.
The 3d and 4th sections of the act to enable counties to make contracts &c. (Rev. Code p. 289) provide that all notes, bonds &c, whereby a person shall be bound to any county or to the inhabitants thereof, or to the governor or any other person, in whatever form, for the payment *128 of money or any debt or duty, or the performance of any matter or thing for the use of the county shall be as valid and effectual to vest in such .county all the rights, interests and actions which would be vested in any individual in any such contract made directly to him ; and suits may be prosecuted in the name of such county or in the name of the person to whom they are made, as fully and effectually as any person may upon like notes, contracts &c. made to him. The object of this law seems to be to place counties upon a foot with individuals, but not to give them any advantages or to change the rules of pleading. Where the note or contract is made to the county directly, the suit may be brought by the county in its own name, precisely as an individual could. Where the note is made to another for the use of the county, the county must, like an individual placed in like circumstances, bring the suit in the name of the person who is the legal owner of the note.
The other judges concurring, the judgment is affirmed.